PEOPLE *v.* METTE.

1. CRIMINAL LAW—INTOXICATING LIQUORS—EVIDENCE—ADMISSIBILITY—ONE TEMPORARILY ABSENT FROM HOME IN POSSESSION.
   In prosecution for illegal possession of intoxicating liquors, where it appears that defendant was not at home at time of search and seizure of liquor, but home was furnished and contained food and clothing and defendant, when arrested at work, admitted that he had lived there for two years, the evidence so seized was properly admitted, since his temporary absence from home did not deprive him of possession thereof, and Act No. 338, Pub. Acts 1917, § 30, as amended by Act No. 336, Pub. Acts 1921, providing for posting of copy of warrant on premises by officers when no one is found in possession, is not applicable under the facts.

2. SAME—SEARCHES AND SEIZURES—STATUTE RELATING TO POSTING OF COPY OF WARRANT ON PREMISES WHEN NO ONE IN POSSESSION APPLICABLE ONLY TO PROCEEDING IN REM.
   In prosecution for illegal possession of intoxicating liquors seized under search warrant at defendant's home while he was temporarily absent, he may not invoke the provisions of Act No. 338, Pub. Acts 1917, as amended by Act No. 336, Pub. Acts 1921, providing for posting of copy of warrant on premises when no one is found in possession, because the statute relates to a proceeding *in rem,* and has no application to the case at bar, a prosecution *in personam.*

Error to Muskegon; Vanderwerp (John), J. Submitted January 16, 1930. (Docket No. 146, Calendar No. 34,645.) Decided March 6, 1930.

Alphonse Mette was convicted of violating the liquor law. Affirmed.

*Harry W. Jackson,* for appellant.

*Wilber M. Brucker,* Attorney General, *Joseph F. Sanford,* Prosecuting Attorney, and *George H. Cross,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendant seeks review of his conviction on a charge of unlawfully having intoxicating liquor in his possession at his home in Muskegon county. The evidence was obtained by officers armed with a search warrant. No person was at the home at the time of the search. The house was furnished, and had food and clothing in it. The defendant, when arrested at the place where he was at work, admitted to the officers that he had lived there for a couple of years.

Section 30 of Act No. 338, Pub. Acts 1917, as last amended by Act No. 336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [30]), reads as follows:

"If no one is found in possession of the premises where such liquor may be found, the officer taking the same shall post in a conspicuous place on the building or premises, a copy of his warrant, and take possession of such liquors, vessels, implements and furniture, and hold them subject to the order of the court or magistrate issuing the warrant, and make return of his doings thereon. * * * Whereupon it shall be the duty of the magistrate to fix a time for hearing and determining the purpose for

which such liquors are kept, and issue notice thereof to the officer who shall post a copy thereof on the building or premises where the liquors are found. * * * If at the time of said hearing no person or persons appear, nor within thirty days thereafter, to claim such liquors, vessels, implements and furniture, the magistrate or court shall declare the same confiscated."

Error is assigned upon the admission of the liquor in evidence, for the reason that the officers failed to comply with this provision. Possession is defined by Webster: "(Law) The having, holding, or detention of property in one's power or command; actual seizin or occupancy." Possession and occupancy, when applied to land, are convertible terms, and are practically synonymous. The search was made in the dwelling house occupied by the defendant. His temporary absence therefrom while at work surely did not deprive him of the possession thereof.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred with SHARPE, J.

WIEST, C. J. (*concurring*). I concur. The prosecution of defendant was *in personam*. The statute invoked by defendant relates to a proceeding *in rem,* and has no application to the case at bar.

BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred with WIEST, C. J.