STATE HIGHWAY COMMISSION *v* DAVIS

1. EMINENT DOMAIN—RIGHT TO COMPENSATION—VESTING.

The *right* to just compensation vests in the condemnee at the time title to the property vests in the condemnor; the *estimate* of just compensation, deposited by the condemnor, does not vest in the condemnee at the time of the taking.

2. EMINENT DOMAIN — DAMAGES — REDUCTION — EVIDENCE — ADMISSIBILITY.

Evidence that a condemnee's damages have been reduced in that, as a result of a change in the condemnor's original plans, the utility and value of the condemnee's remaining property have been increased, is admissible because the evidence, even though concerning facts after the date of the taking, concerns damage to the residue, not the value of the property taken.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 January 11, 1972, at Lansing. (Docket No. 11505.) Decided February 25, 1972. Leave to appeal denied, 387 Mich 786.

Petition for condemnation by Michigan State Highway Commission against Robert L. Davis, Lucy B. Davis, Pierre L. De Porre, Virginia De Porre, Charles J. Van Horn, and Elizabeth G. Van Horn. Petitioner appeals a pretrial ruling excluding evidence that defendants' damages had been reduced because of a change in petitioner's construction plans. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur 2d, Eminent Domain § 131.
[2] 27 Am Jur 2d, Eminent Domain § 272.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso, Stanley D. Steinborn,* Assistants Attorney General, and *Thomas H. Healy,* Special Assistant Attorney General, for petitioner.

*Travis, Warren, Nayer & Burgoyne* (by *Frederick D. Steinhardt* and *Bert Burgoyne*), for defendants.

Before: Danhof, P. J., and T. M. Burns and O'Hara,* JJ.

T. M. Burns, J. Appeal by the State Highway Commission from a pretrial evidentiary ruling in favor of respondents limiting the introduction of evidence for the purpose of determining damages to the date of the taking, July 30, 1968.

Respondents (hereinafter referred to as defendants) owned an "L" shaped parcel of land in the northeast quadrant on the Maple Road-Telegraph Road intersection in Bloomfield Township. A two-story veterinary hospital is located near the front of the property.

For purposes of highway construction, the Highway Commission proposed to condemn and take portions of the parcel, consisting of the fee to the Maple Road right-of-way easement, a 16-foot strip to widen the right-of-way, and an irregular portion from the rear of the parcel to be used for a limited access "New Jersey turn" roadway. Two preliminary appraisals obtained by the commission valued damages to defendants' property at $62,200 and $78,000. On that basis, the commission made a "good faith writ-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ten offer to purchase" defendants' property for $62,-200. MCLA 213.366; MSA 8.261(6). This offer was rejected; and on July 30, 1968, the commission filed a petition and declaration of taking in Oakland County Circuit Court. The amount of $62,200 was paid to defendants, and the state took possession of and title to the property under MCLA 213.369; MSA 8.261(9).

The original appraisals were based upon tentative construction plans which would have severely limited the use of the existing driveway which provides access to a rear parking lot. Without use of the parking lot, defendants' building was worth much less to defendants, thus the damage appraisals of $62,200 and $78,000.

Contracts were not let, however, until May 7, 1969. On June 3, 1969, certain changes were made in the plans which gave defendants some access to the parking lot without destroying their building. Therefore, the commission hired a third appraiser to make a reappraisal of defendants' damages in light of the change in plans. The appraiser, who had previously appraised the damages based upon the original plans at $79,600, appraised defendants' damages based upon the revised plan at $25,650.

In the condemnation proceeding below, the trial court, by way of a pretrial order, ruled that evidence for the determination of damages would be determined as of the date of the taking, thus preventing the commission from showing the change in plans with the consequent reduction in damages. It is from the court's pretrial ruling that the plaintiff appeals.

The issue for this Court to decide may be stated thus:

*May evidence of facts in mitigation of condemnation damages arising subsequent to the taking of*

*private property by the condemning authority under 1966 PA 295, as amended, be admitted in evidence at the trial of damages?*

Const 1963, Art 10, § 2, provides:

"Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

Thus, property may not be taken without compensation being paid or secured in a manner prescribed by law. The manner prescribed by law is as follows:

"Sec. 9. If no motion for review is filed within the time specified in section 8, upon filing a declaration of taking and depositing with the city, village, county or state treasurer the amount of the estimated compensation the title to the property described in the declaration of taking shall vest in petitioner, who shall forthwith record a copy of the declaration of taking with the register of deeds of the county. The right to just compensation shall then vest in the persons entitled thereto and be secured as herein provided. The deposit shall likewise be made and title vest as hereinbefore provided if, after a hearing or appeal such motion is denied." MCLA 213.369; MSA 8.261(9).

Defendants contend that under the above section title to the estimated just compensation vests in them at the time of the taking. However, the section does not provide that the "estimate of just compensation" deposited by the condemnor vests in the condemnee at the time of the taking. The section provides only that at the time title to the property vests in the condemnor, the "right to just compensation" vests in the condemnee.

The commission does not argue that it should be allowed to introduce evidence pertaining to the value

of the land after the date of the taking. Such evidence is prohibited by MCLA 213.389; MSA 8.261 (29). What it does argue is that it should be allowed to prove that a reduction in defendants' damages has occurred due to a change in plans that has greatly increased the utility and value of defendants' remaining property, *i.e.*, the building.

We find no prohibition in the constitution, the cases, or the statutes to prevent plaintiff from proving that defendants have been damaged significantly less than it appeared they would be on the date of the taking.

The United States Supreme Court, in interpreting a statute[1] similar to Michigan's "quick take" statute[2] stated:

"Examination of the Act of February 26, 1931, discloses that the declaration of taking is to be filed in the proceeding for condemnation at its inception or at any later time.

"When the declaration is filed the amount of estimated compensation is to be deposited with the court, to be paid as the court may order 'for or on account' of the just compensation to be awarded the owners. Thus the acquisition by the Government of title and immediate right to possession, and the deposit of the estimated compensation, occur as steps in the main proceeding.

"The purpose of the statute is two-fold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of

---

[1] Federal Declaration of Taking Act, § 1 *et seq.*, 46 Stat 1421 (1931); 40 USCA 258a–258e.
[2] MCLA 213.361 *et seq.*; MSA 8.261(1) *et seq.*

the property. The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest. But there is no correlative provision for repayment of any excess by the owner to the United States. The necessary result is, so the respondents say, that any sum paid them in excess of the jury's award is their property, which the United States may not recover.

"All the provisions of the Act taken together require a contrary conclusion. The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due. To hold otherwise would defeat the policy of the statute and work injustice; would be to encourage federal officials to underestimate the value of the property with the result that the Government would be saddled with interest on a larger sum from date of taking to final award, and would be to deny the owner the immediate use of cash approximating the value of his land." *United States* v *Miller,* 317 US 369, 380–381; 63 S Ct 276, 283–284; 87 L Ed 336, 346–347; 147 ALR 55, 65–66 (1943).

Similarly, in *United States* v *Catlin,* 142 F2d 781, 784 (CA7, 1944), *aff'd* 324 US 229; 65 S Ct 631; 89 L Ed 911 (1945), the Court noted:

"The government is not required to file a Declaration of Taking. Such procedure is optional. If it elects, however, to do so, it is required to estimate the value of the property taken and make such sum available as compensation to the landowner. Such action is merely tentative, and, as already pointed out, the amount awarded may be increased or decreased by final judgment."

Since we are dealing here not with the value of the property taken, but rather with the damage done

to the residue as a result of the taking, we find no bar to the introduction of evidence bearing on those damages despite the fact that the evidence concerns facts occurring after the date of the taking. The trial court's ruling excluding such evidence was, therefore, in error.

Reversed and remanded.

All concurred.