DEPARTMENT OF TRANSPORTATION v JORISSEN

Docket No. 75765. Submitted May 8, 1985, at Grand Rapids.—Decided August 7, 1985.

Plaintiff, Michigan Department of Transportation, sought to acquire a parcel of land owned by defendants, Jerome A. Jorissen and Mary A. Jorissen. On December 12, 1980, plaintiff filed a declaration of taking, stating that it was necessary to acquire the land for the purpose of relocating and opening a highway. Plaintiff estimated that the just compensation for the property was $46,400. On January 9, 1981, plaintiff filed a complaint for acquisition of the land in the Mason Circuit Court. Defendants answered that they did not question plaintiff's right to take the property, but alleged that the fair market value was more than $46,400. In a letter dated January 29, 1981, defense counsel asked for deferral of the date when plaintiff would take possession until May, when the defendants would return from Florida. On March 9, 1981, the trial court, Richard I. Cooper, J., entered an order stating that title to the property had vested in plaintiff on January 9, 1981, when it filed the complaint, deposited the estimated compensation and recorded a copy of the declaration of taking with the Register of Deeds. The court ordered defendants to surrender possession of the property to plaintiff on May 15, 1981. Following a trial, the jury awarded

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Eminent Domain §§ 301, 303, 305, 306.

Compensation for interest prepayment penalty in eminent domain proceedings. 84 ALR3d 946.

[2, 3] Am Jur 2d, Eminent Domain § 87.

Power of eminent domain as between state and subdivision or agency thereof, or as between different subdivisions or agencies themselves. 35 ALR3d 1293.

[3] Am Jur 2d, Eminent Domain §§ 130 et seq.

[4] Am Jur 2d, Eminent Domain § 286.

Charging landowner with rent or use value of land where he remains in possession after condemnation. 20 ALR3d 1164.

[5] Am Jur 2d, Property § 1.

[6] Am Jur 2d, Eminent Domain §§ 473, 476.

Amount of attorney's compensation in matters involving real estate. 588 ALR3d 201.

defendants $78,000 as just compensation. Orders were thereafter entered granting a judgment in that amount, granting defendants' motion for interest on the judgment from the date plaintiff filed the complaint, January 9, 1981, and granting defendants' motion for the allowance of attorney fees based on the sum of the jury's award of $78,000 and the interest recovered on the judgment. Plaintiff appeals from these orders. *Held:*

1. Plaintiff did not obtain possession of the property until May 15, 1981. Since defendants remained in possession of the property until May 15, 1981, the defendants waived their right to interest on the judgment from January 9, 1981, the date on which title to the property vested in the plaintiff, until May 15, 1981. Interest on the judgment is to run from May 15, 1981.

2. There was no de facto acquisition of the land as of the date plaintiff commenced the action. The plaintiff's actions did not amount to a taking.

3. The trial court correctly included the interest on the judgment in the figure used to calculate the attorney fees. On remand, the attorney fee award shall be reduced because the interest on the judgment will itself be reduced, consistent with this opinion.

Reversed in part and remanded for entry of an amended judgment consistent with this opinion.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — JUDGMENT INTEREST — POSSESSION OF PROPERTY.

The Uniform Condemnation Procedures Act provides that the trial court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount; such interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty; an owner remaining in possession after the date of filing shall be considered to have waived the interest for the period of the possession; where a de facto acquisition occurred at a date earlier than the date of filing, the interest shall be calculated from the earlier date (MCL 213.65; MSA 8.265[15]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — POSSESSION OF PROPERTY.

An agency which is seeking to acquire property pursuant to the Uniform Condemnation Procedures Act may not obtain possession of such property absent an order of surrender of possession or interim possession (MCL 213.59, subds [1], [2], and [3]; MSA 8.265[9], subds [1], [2], and [3]).

3. Eminent Domain — Uniform Condemnation Procedures Act — Title to Property — Possession of Property.

An agency may obtain title to property pursuant to the Uniform Condemnation Procedures Act while the owner of the property remains temporarily in possession of such property (MCL 213.57; MSA 8.265[7]).

4. Eminent Domain — Uniform Condemnation Procedures Act — Possession, Use and Income from Property.

The owner of land does not, by his temporary absence from the land or failure to put the land to actual physical use, deprive himself of possession of the land; the owner of land is in possession of such land where he has the right to occupy and use it; the fact that the land produces no income for the owner, or its income is received by another, does not deprive the owner of possession of the land (MCL 213.65; MSA 8.265[15]).

5. Property — Words and Phrases.

The term property includes, in addition to title and possession, the rights of acquisition and control, and the right to make any legitimate use or disposal of the thing owned, such as to pledge it for a debt, or to sell or transfer it.

6. Eminent Domain — Uniform Condemnation Procedures Act — Attorney Fees.

An attorney fee award to the owner of property acquired by an agency pursuant to the Uniform Condemnation Procedures Act may not exceed 1/3 of the amount by which the ultimate award to the owner exceeds the agency's written offer; judgment interest is part of such ultimate award (MCL 213.66[3]; MSA 8.265[16][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Ronald F. Rose,* Assistant Attorney General, and *Thomas J. O'Toole,* Special Assistant Attorney General, for plaintiff.

*Parmenter, Forsythe, Rude, Van Epps, Briggs & Fauri* (by *John M. Briggs, III),* for defendants.

Before: Shepherd, P.J., and R. M. Maher and W. R. Peterson,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. In this action, plaintiff sought acquisition of a parcel of land owned by defendants. A jury awarded defendants $78,000 as just compensation. Plaintiff appeals as of right from a circuit court order awarding defendants interest from the date the complaint was filed and an order granting defendants' motion for attorney fees. We reverse each of these orders in part and remand for further proceedings.

On December 12, 1980, plaintiff filed a declaration of taking, stating that it was necessary to acquire defendants' land for the purpose of relocating and opening a highway. Plaintiff estimated that the just compensation for the property was $46,400.

Jerome Jorissen testified that he had complied with subdivision laws and put a plat on the property, called "Golf View Estates", ten years earlier. Local authorities had assessed the land as platted lots during the past ten years. There were fruit trees on the land, which yielded a crop in 1980. In the fall of 1981, the crop was harvested by a caretaker appointed by the state. From January 9, 1981, to May 15, 1981, defendants received no rental or crop income from the property.

On January 9, 1981, plaintiff filed the complaint for acquisition of the land. Defendants answered that they did not question plaintiff's right to take the property, but alleged that the fair market value of the property was more than $46,400.

In a letter dated January 29, 1981, defense counsel asked for deferral of the date when plaintiff would take possession of the property until May, in order to give defendants a chance to take pictures of and examine the property for purposes of the litigation. Defendants were in Florida on January 9. They returned to Michigan in the middle of May, as they did every year.

In an order entered on March 9, 1981, the trial court stated that title had vested in plaintiff on January 9 when it filed the complaint, deposited the estimated compensation and recorded a copy of the declaration of taking with the Register of Deeds. The court ordered defendants to surrender possession of the property to plaintiff on May 15, 1981.

After the trial, defendants moved for a determination of the interest due on the judgment. Defendants sought 12% interest on the jury verdict from January 9 until March 26, and 12% interest on the difference between the statutory advance of $46,400 and the jury verdict of $78,000 from March 27 to May 15. After a hearing, the trial court entered an order granting defendants' motion for interest from the date plaintiff filed the complaint (January 9, 1981).

Later, the trial court issued an order granting the defendants' motion for the allowance of attorney fees. The court based its award of attorney fees on the sum of the jury's award of $78,000 and the interest recovered on the judgment. This appeal followed.

Plaintiff raises two issues. First, plaintiff argues that the court erred by awarding defendants interest from the date plaintiff filed the complaint because defendants remained in possession of the property after the date of filing. Plaintiff submits that defendants were the occupants and users of the premises and that plaintiff had no right of possession until the date fixed for surrender of possession, that is, May 15, 1981.

Defendants respond that plaintiff's actions constituted a de facto taking by plaintiff as of the date plaintiff filed the complaint. According to defendants, after plaintiff commenced this action, they

could not sell the property and received no benefits from the land.

"Where interest is given by statute, the particular statute giving it should control, and the question then becomes one of construction." 30 CJS, Eminent Domain, § 333(1), p 229. The pertinent section of the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.;* MSA 8.265(1) *et seq.,* provides as follows:

"The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. However, an owner remaining in possession after the date of filing shall be considered to have waived the interest for the period of the possession. If it is determined that a de facto acquisition occurred at a date earlier than the date of filing, interest awarded pursuant to this section shall be calculated from the earlier date." MCL 213.65; MSA 8.265(15).

We can no better describe our task than by reference to *Grand Rapids v Crocker,* 219 Mich 178, 182-183; 189 NW 221 (1922):

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the Legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every

other section so as to produce, if possible, a harmonious and consistent enactment as a whole."

See also, *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971).

Plaintiff's interpretation of the statute is consistent with other provisions of the act. MCL 213.59(1); MSA 8.265(9)(1) provides that after the agency has fulfilled certain requirements the trial court shall fix the time and terms for the surrender of possession of the property to the agency. MCL 213.59, subds (2) and (3); MSA 8.265(9), subds (2) and (3) govern the procedures regarding the granting of interim possession to the agency. The Legislature contemplated that the owner of the property would remain in possession until the trial court ordered surrender of possession or interim possession. Until that time, the owner of the property retains possession of the property. An agency may not obtain possession absent an order of surrender of possession or interim possession.

In this case, the trial court ordered defendants to surrender possession of the property to plaintiff on or before May 15, 1981. There was no order of interim possession. Plaintiff did not obtain possession of the property until May 15. Since defendants remained in possession of the property until May 15, defendants waived their right to interest on the judgment for that period. MCL 213.65. If defendants were not "in possession", *id.,* until May 15, then the surrender of possession ordered by the court was without meaning and had no effect.

Defendants' possession of the property is also shown by the letter, written by their attorney, asking counsel for plaintiff to defer plaintiff's possession of the property until May, 1981.

The trial court, in its interim order, stated that

title to the property vested in plaintiff on January 9. Nevertheless, defendants remained in possession of the property. Under the statute, the plaintiff agency may obtain title, while the defendants remain temporarily in possession. See, MCL 213.57; MSA 8.265(7). The right of possession is generally deemed to follow ownership or legal title, but not always. It may be a temporary interest. *Mayor of Detroit v Park Comm'rs,* 44 Mich 602, 603; 7 NW 180 (1880); 19 Michigan Law & Practice, Property, § 5, p 121.

We reject defendants' argument that they did not remain in possession of the land because they were in Florida and received no income or use of the land after the complaint was filed. This argument confuses the right of possession with the notion of actual presence on the land. Defendants could not, by their temporary absence, deprive themselves of possession of the land. *People v Mette,* 249 Mich 619, 621; 229 NW 516 (1930). Defendants had the right to occupy and use the premises. They were in possession. That the land produced no income during the relevant period resulted from its vacant state and the change of seasons. More importantly, there is no connection between defendants' failure to obtain such income and the fact whether they were in possession or not. Surely a person may possess land which is not income-producing. One may also be in possession of land the income from which is for some reason being received by another. In the instant case, the dispositive fact is that defendants asked for and were granted the right of possession until May 15, 1981. Since the statute allows interest to run from the date of possession, that is the date from which interest runs.

Defendants urge that "a de facto acquisition [had] occurred" as of the date plaintiff commenced

this action. MCL 213.65. However the record contains no such finding by the trial court. Rather, the court based its decision on its acceptance of defendants' argument that, for purposes of the statute, "possession" must include receipt of income or actual physical use of the land. We have decided against this interpretation of the statute. Defendants' argument that the state's actions amounted to a taking is also lacking in merit.

The term "property" includes, in addition to title and possession, "the rights of acquisition and control, the right to make any legitimate use or disposal of the thing owned, such as to pledge it for a debt, or to sell or transfer it". *Rassner v Federal Collateral Society, Inc,* 299 Mich 206, 214; 300 NW 45 (1941); *Butcher v Detroit,* 131 Mich App 698, 706; 347 NW2d 702 (1984). Until May 15, 1981, defendants were free to enter the premises and use the property.

We conclude that defendants may have interest on the judgment only from May 15, 1981, when they were ordered to surrender possession to plaintiff.

Plaintiff also argues that the trial court erred by awarding defendants attorney fees based on the jury award plus interest. This argument has no merit. The attorney fee may not exceed "1/3 of the amount by which the *ultimate award* exceeds the agency's written offer". MCL 213.66(3); MSA 8.265(16)(3) (emphasis added). This Court has twice held that judgment interest is part of the "ultimate award". *Dep't of Transportation v DiMatteo,* 136 Mich App 15; 355 NW2d 622 (1984), *lv den* 421 Mich 857 (1985); *Dep't of Transportation v Dennis,* 133 Mich App 207; 349 NW2d 261 (1984), *lv den* 421 Mich 856 (1985). We agree with those two panels. The trial court correctly included the interest in the figure used for calculation of the attor-

ney fees. Of course, on remand the attorney fee award shall be reduced because the interest will itself be reduced, consistent with our decision on the first issue.

Reversed in part and remanded for entry of an amended judgment consistent with this opinion.