DEPARTMENT OF TRANSPORTATION v PICHALSKI

DEPARTMENT OF TRANSPORTATION v KNIGHT

DEPARTMENT OF TRANSPORTATION v SANDERS

Docket Nos. 88379, 88380, 88381. Submitted June 30, 1987, at Detroit. Decided March 1, 1988.

The Department of Transportation sought to acquire the front sixty feet of three 180-foot-deep parcels of property on the south side of Ford Road in Westland. The parcels, known as C-1111, C-1112, and C-1113, were appraised at $43,000, $37,500, and $46,000, respectively. Following the appraisal, MDOT learned that the front sixty feet of the three parcels apparently belonged to someone other than the parties occupying the properties. The parties occupying the parcels filed an action to quiet title to the front sixty feet of their parcels claiming ownership by adverse possession and filed a notice of lis pendens. The MDOT filed a complaint for condemnation in Wayne Circuit Court naming as defendants Lois M. Pichalski and the other parties occupying the properties. MDOT offered defendants $100 for each sixty-foot section, citing the defendants' lack of record title to the sixty-foot sections. A default judgment was entered in the action to quiet title, and title to the sixty-foot sections was vested in defendants. The MDOT then made revised offers of $27,450 for parcel C-1111, $33,450 for parcel C-1112, and $31,500 for parcel C-1113. The MDOT then increased its offers and agreed to pay for fixtures on parcels C-1111 and C-1112 after the parties agreed to a total rather than a partial taking of those two parcels. Following a jury trial, defendants were found to be entitled to $54,950 for parcel C-1111, $90,000 for parcel C-1112, and $64,650 for parcel C-1113. Defendants' attorney then filed a motion for attorney fees, claiming that he was entitled to one-third of the amount recovered by defendants, including interest, less MDOT's original written offer of

REFERENCES

Am Jur 2d, Appeal and Error § 545.

Am Jur 2d, Eminent Domain §§ 111 et seq., 247, 248, 469, 476.

See the Index to Annotations under Adverse Possession; Eminent Domain; Title and Ownership.

$100 per section. The parties made opposing claims as to the amount of and entitlement to interest and attorney's fees. The court, Thomas Roumell, J., ruled that MDOT's $100 offer would be used to determine attorney fees on the real estate and that its offer of $0 would be used to determine attorney fees on the fixtures. It further held that the owners of parcel C-1113 were entitled to interest on MDOT's revised offer of $31,500 from the date MDOT filed its complaint until the money was made available to them and to interest on the difference between the final verdict and MDOT's revised offer of $31,500 from August 27, 1982, until the date of payment of the final verdict. The court awarded interest on the sixty-foot sections of parcels C-1111 and C-1112 in the amount of the original revised offers from the date the complaint was filed until August 27, 1982, and held that the owners of parcels C-1111 and C-1112 had not surrendered possession of their 120-foot parcels and the fixtures thereon and that, therefore, they were not entitled to interest on those. The court also ruled that defendants surrendered possession of the sixty-foot strip on September 26, 1982. MDOT appealed and defendants cross-appealed.

The Court of Appeals *held:*

1. The trial court correctly determined that MDOT's original offer of $100 for each sixty-foot section should be used as its written offer for the purpose of determining defendants' attorney's fee. Likewise, the court properly used zero as MDOT's written offer for fixtures.

2. MDOT's contention that defendants' attorney's fees are unreasonable was not preserved for appeal.

3. The owners of parcel C-1113 were not entitled to interest until September 16, 1982, because they were still in possession. However, they were entitled to interest on the difference between the final verdict and MDOT's original revised offer from September 16, 1982, until the date of the payment of the final verdict. The owners of parcels C-1111 and C-1112 were not entitled to interest on the sixty-foot sections of their parcels until September 16, 1982, the date they surrendered possession. Furthermore, they are not entitled to interest on the remaining 120-foot portions of their parcels or the fixtures, since they remained in possession. The trial court should determine the interest to which the owners of C-1111 and C-1112 are entitled from the time they surrendered possession of and received payments for their sixty-foot sections until the time they received payment of the final verdict apportionable to the sixty-foot sections.

4. Defendants' attorney is entitled to receive no more than

one-third of the interest received by defendants, provided his fee remains reasonable.

Affirmed in part, reversed in part and remanded.

1. EMINENT DOMAIN — ADVERSE POSSESSION — UNIFORM CONDEMNATION PROCEDURES ACT.

A person who claims title to property through adverse possession has a sufficient possessory interest in the property to be considered an owner for condemnation purposes (MCL 213.51[e]; MSA 8.265[1][e]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT.

The Uniform Condemnation Procedures Act mandates that all of a particular parcel of property be acquired if acquiring only a portion of it would destroy the practical value or utility of the remainder (MCL 213.54[1]; MSA 8.265[4][1]).

3. APPEAL — PRESERVING QUESTION.

An issue not raised in the trial court generally is precluded from appellate review.

4. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — POSSESSION OF PROPERTY.

An agency which is seeking to acquire property pursuant to the Uniform Condemnation Procedures Act may not obtain possession of such property absent an order of surrender of possession or interim possession (MCL 213.57, 213.59; MSA 8.265[7], 8.265[9]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Ronald F. Rose,* Assistant Attorney General, and *Thomas D. Stone,* Special Assistant Attorney General, for plaintiff.

*Mason, Steinhardt & Jacobs, P.C.* (by *Walter B. Mason, Jr.*), for defendants.

Before: J. H. GILLIS, P.J., and D. F. WALSH and J. R. ERNST,* JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's orders concerning defendants' right to interest and attorney fees following these consoli-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

dated condemnation proceedings. Defendants cross-appeal. We affirm in part and reverse and remand in part.

This dispute involves three parcels which extend approximately 180 feet past the south side of Ford Road or M-153. Plaintiff sought to acquire the front sixty feet of these parcels. Defendants claim that plaintiff prepared appraisals concerning their lands. Parcel C-1111 (defendants Pichalski, Coshatt and Batshon) was appraised at $43,400; parcel C-1112 (defendants Knight and Markem) at $37,500; and parcel C-1113 (defendants Sanders) at $46,000. Thereafter, plaintiff claims that it learned that Benjamin Laitner or his heirs were listed as owners of the sixty-foot sections. We note that plaintiff had a thirty-three foot easement in the front portion of the sixty-foot sections.

On October 21, 1980, defendants filed an action to quiet title to the sixty-foot sections of their parcels, claiming ownership through adverse possession. At the same time, defendants filed a notice of lis pendens. On July 14, 1981, defendants filed a motion for default judgment in the quiet title action because the defendants in that case (i.e. Laitner's heirs) had failed to answer.

On August 27, 1981, plaintiff filed a complaint for condemnation. MCL 213.55(1); MSA 8.265(5)(1). Plaintiff offered defendants $100 for each sixty-foot section. Plaintiff's letters provided in part:

> During the course of your meetings with the representative of this Department, both the need for the property described on the attached sheet and the basis for the offer made by the Michigan Department of Transportation for the property was discussed. In addition, *you will recall that the Department advised you that you would receive no compensation for the taking of the land unless you acquired title to the same.* Title information of

record now indicates that you have a recorded interest in the subject land.

The purpose of this letter is to make you in writing the Michigan Department of Transportation's offer of $100.00 for your interest in the property described herein. If this letter meets with your approval, please indicate your acceptance of the offer by your signature at the end of this letter and return it to the Department. . . .

The Department recognizes that you through your legal counsel Mr. Walter P. Mason, Jr., of the law firm of Mason and Steinhardt, have instituted legal proceedings to establish absolute title to the subject land by adverse possession. *It is the intent of the Department, that in the event that you establish title to the property as a result of these proceedings, to amend, if necessary, the offer recited herein to reflect the effect of the impact, if any, that a title change may have with regard to the value of the property.* A copy of this letter is being mailed to Mr. Mason for his information. [Emphasis supplied.]

On September 23, 1981, defendants moved to dismiss plaintiff's complaint, claiming that plaintiff had failed to make a good faith offer as required by MCL 213.55(1); MSA 8.265(5)(1). Defendants' motion was denied on October 16, 1981.

On October 19, 1981, a default judgment was entered in defendants' quiet title action. On June 18, 1982, plaintiff and defendants stipulated to the making of the following revised offers for the sixty-foot sections: (1) parcel C-1111, $27,450, (2) parcel C-1112, $33,450, and (3) parcel C-1113, $31,500. However, the stipulation also provided that it would not act "as a waiver by either party" of claims for or objections to the amount of attorney fees provided for in MCL 213.66(3); MSA 8.265(16)(3).

In January, 1985, plaintiff increased its offer on

parcel C-1111 to $47,100 for the land and agreed to pay $27,000 for the fixtures because plaintiff received the owners' appraisal of the property and the parties then agreed to a total rather than a partial taking of that parcel. For similar reasons, plaintiff increased its offer on parcel C-1112 to $53,600 for the land and agreed to pay $17,300 for the fixtures. Following a jury trial, the owners were found to be entitled to $54,950 for parcel C-1111, $90,000 for parcel C-1112, and $64,650 for parcel C-1113.

Defendants' attorney filed a motion for attorney fees, claiming that he was entitled to one-third of the amount recovered by defendants, including interest, less plaintiff's original written offer of $100. In other words, defendants' attorney claimed one-third of $54,850, including one-third of the interest on that amount, as to parcel C-1111, one-third of $89,900, including one-third of the interest on that amount, as to parcel C-1112, and one-third of $64,550, including one-third of the interest on that amount, as to parcel C-1113.

Plaintiff claimed that defendants' attorney was entitled to the following attorney fees for the land: (1) on parcel C-1111, one-third of the difference between the verdict and plaintiff's offer after the parties agreed that the taking should be total [⅓ (54,000-47,000)], (2) on parcel C-1112, one-third of the difference between the verdict and plaintiff's offer after the parties agreed that the taking should be total [⅓ (90,000-53,600)], and (3) on parcel C-1113, one-third of the difference between the verdict and plaintiff's offer after defendants acquired clear title to the property [⅓ (64,650-31,500)]. Plaintiff further claimed that as to fixtures defendants' attorney was entitled to: (1) on parcel C-1111, one-third of the difference between the parties' ultimate settlement and plaintiff's

original offer on fixtures, which was made after
the parties agreed to a total taking [⅓ (27,000-
19,155)] and (2) on parcel C-1112, one-third of the
difference between the parties' ultimate settlement
and plaintiff's original offer on fixtures, which was
made after the parties agreed to a total taking [⅓
(17,300-14,375)]. Plaintiff also claimed that the
owners of parcels C-1111 and C-1112 were not
entitled to interest on their awards as to the 120-
foot parcels because they remained in possession.
Plaintiff concedes that the owners of parcel C-1113
did not remain in possession and, therefore, were
entitled to interest.

Defendants claimed that they were entitled to
interest on the amount of plaintiff's original re-
vised offers from the date the complaint was filed
until the date the payment was made available for
their use, August 27, 1982. Furthermore, the own-
ers of parcels C-1111 and C-1112 claimed that they
were entitled to interest on the final verdict for
the real estate less plaintiff's original revised offer
and the final verdict for the fixtures from August
27, 1982, even though they remained in possession
of them because they had no other choice until
plaintiff determined that a total taking was neces-
sary. Finally, the owners of parcel C-1113 claimed
that they were entitled to interest on the differ-
ence between the final verdict and plaintiff's origi-
nal revised offer from the date that offer was
made.

On August 12, 1985, the court heard defendants'
attorney's motions for fees and interest. On Octo-
ber 9, 1985, the court entered its orders. The court
held that plaintiff's $100 offer would be used to
determine attorney fees on the real estate and
that plaintiff's offer of $0 would be used to deter-
mine attorney fees on the fixtures. The court
further held that the owners of parcel C-1113 were

entitled to interest on plaintiff's revised offer of $31,500 from the date plaintiff filed its complaint until the money was made available to them and to interest on the difference between the final verdict and the plaintiff's revised offer of $31,500 until the date of payment of the final verdict. While the trial court's order concerning interest to be awarded on parcels C-1111 and C-1112 is not clear to us, the parties agree that the trial court awarded interest on the sixty-foot sections in the amount of the original revised offers from the date the complaint was filed until August 27, 1982. The trial court also held that the owners of parcels C-1111 and C-1112 had not surrendered possession of the remaining 120-foot parcels and the fixtures thereon and that, therefore, they were not entitled to interest. We note that the trial court ruled that defendants surrendered possession of the sixty-foot strip on September 26, 1982.

On appeal, plaintiff first claims that the trial court erred when it held that defendants' attorney's fees would be determined by using plaintiff's $100 offer.

MCL 213.66(3); MSA 8.265(16)(3) provides:

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

The purpose of this statute is to ensure that the property owner receives the full amount of his award. *Dep't of Transportation v DiMatteo,* 136

Mich App 15, 17-18; 355 NW2d 622 (1984), lv den 421 Mich 857 (1985).

Section 5 provides in part:

> [B]efore initiating negotiations for the purchase of property, the agency shall establish an amount which it believes to be just compensation for the property and promptly shall submit to the owner a good faith offer to acquire the property for the full amount so established. The amount shall not be less than the agency's appraisal of just compensation for the property. The agency shall provide the owner of the property and the owner's attorney with an opportunity to review the written appraisal, if an appraisal has been prepared, or if an appraisal has not been prepared, the agency shall provide the owner or the owner's attorney with a written statement and summary, showing the basis for the amount the agency established as just compensation for the property. If an agency is unable to agree with the owner for the purchase of the property, after making a good faith written offer to purchase the property, the agency may file a complaint for the acquisition of the property in the circuit court in the county in which the property is located. [MCL 213.55(1); MSA 8.265(5)(1).]

Plaintiff claims that its $100 offer under MCL 213.55(1); MSA 8.265(5)(1) was conditioned upon defendants' acquiring title to the property as evidenced by the qualifying language in its letters to defendants. However, we believe that, by contrasting the portion of the letters which we have emphasized above, plaintiff recognized its ability to make its offers conditional upon defendants' acquisition of title to the sixty-foot sections. This was the more prudent course for plaintiff to follow when it knew that attorney fees would be based on its original offers. Instead, plaintiff attempted to bind defendants to $100 offers if they defaulted and to later "revise" its offers in a manner to

reduce defendants' attorney's fees. We believe that *State Highway Comm v Davis,* 38 Mich App 674; 197 NW2d 71 (1972), lv den 387 Mich 786 (1972), which did not involve MCL 213.55(1) and 213.66(3); MSA 8.265(5)(1) and 8.265(16)(3), is distinguishable.

Plaintiff also claims that the Legislature did not intend individuals claiming adverse possession to be treated as "owners" because they do not have marketable title. MCL 213.51(e); MSA 8.265(1)(e) defines "owner" as "a person, fiduciary, partnership, association, [or] corporation . . . having an estate, title, or interest, including beneficial, possessory, and security interest, in a property sought to be condemned." We agree with defendants that, while the heirs of Laitner had title to the property, defendants, as adverse possessors, also had possessory interests in the sixty-foot sections. This was sufficient to make them "owners" for condemnation purposes. *Id.*

Plaintiff also appears to claim that the remainder of parcels C-1111 and C-1112, which were contiguous to the sixty-foot sections, were not "parcels" for purposes of MCL 213.51(f); MSA 8.265(1)(f). A parcel is "an identifiable unit of land, whether physically contiguous or not, having substantially common beneficial ownership, all or part of which is being acquired, and treated as separate for valuation purposes." MCL 213.51(f); MSA 8.265(1)(f). We note that plaintiff is required to acquire all of a particular parcel if acquiring only a portion of it would destroy the practical value or utility of the remainder. MCL 213.54(1); MSA 8.265(4)(1). Here, the owners of C-1111 and C-1112 had title to 120 feet of the 180-foot parcels and claimed that they adversely possessed the remaining sixty-foot sections. While Laitner's heirs had title to the sixty-foot sections, we believe that the owners' claims of adverse possession combined

with their ownership of the 120-foot parcels was "substantially common ownership" justifying an offer on their respective 180-foot parcels. Contrary to plaintiff's claim, we believe that plaintiff, and not the owners of C-1111 and C-1112, assumed the risk when its decisions to partially take rather than to totally take the parcels were erroneous. Hence, we agree with the trial court that plaintiff's original offer of $100 for each of the sixty-foot sections should be used as plaintiff's written offer for the purpose of determining defendants' attorney's fees. Likewise, the trial court properly used zero as plaintiff's written offer for fixtures.

Plaintiff next claims that defendants' attorney's fees are unreasonable. Plaintiff never disputed the reasonableness of defendants' attorney's fees below. Moreover, during oral argument before the trial court, plaintiff's attorney stated: "We don't dispute that the one third is a fair and reasonable attorney fee . . . ." Given plaintiff's failure to raise this issue below as well as its concession during oral argument, this issue is not preserved for appeal. See, e.g., *Balogh v Flat Rock,* 152 Mich App 517, 520; 394 NW2d 1 (1985); *Kohn v Ford Motor Co,* 151 Mich App 300, 310; 390 NW2d 709 (1986), lv den 428 Mich 851 (1987).

Finally, plaintiff argues that the trial court erroneously awarded defendants interest while they remained in possession of their sixty-foot sections. MCL 213.65; MSA 8.265(15) provides:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. However, an owner remaining in possession after the date of filing shall be considered to have waived the inter-

est for the period of the possession. If it is determined that a de facto acquisition occurred at a date earlier than the date of filing, interest awarded pursuant to this section shall be calculated from the earlier date.

In *Dep't of Transportation v Jorissen,* 146 Mich App 207, 213; 379 NW2d 424 (1985), this Court held that, although title to a parcel vests in the condemnor on the date the complaint is filed, MCL 213.57; MSA 8.265(7):

> The Legislature contemplated that the owner of the property would remain in possession until the trial court ordered surrender of possession or interim possession. Until that time, the owner of the property retains possession of the property. An agency may not obtain possession absent an order of surrender of possession or interim possession.

The trial court held that the owners of parcel C-1113 were entitled to interest on plaintiff's original revised offer from the date plaintiff filed its complaint to the date upon which that money was made available, August 27, 1982. Furthermore, the trial court awarded the owners of C-1113 interest on the difference between the jury verdict and plaintiff's original revised offer from August 27, 1982, until the date the final verdict was paid. We note that the parties agreed that plaintiff would take possession within thirty days after the payment of plaintiff's original revised offer. While plaintiff claims that the funds were made available on June 29, 1982, and paid on August 9, the trial court held that the owners of parcel C-1113 surrendered possession on September 26, 1982. Therefore, the owners of parcel C-1113 were not entitled to interest until September 26, 1982, because they were still in possession. MCL 213.65; MSA

8.265(15). *Dep't of Transportation, supra.* However, they were entitled to interest on the difference between the final verdict and plaintiff's original revised offer from September 26, 1982, until the date of payment of the final verdict. *Id.*

Regarding parcels C-1111 and C-1112, the trial court held: (1) the owners were entitled to interest on plaintiff's original revised offer for the sixty-foot sections from the date the complaint was filed until that amount was paid, (2) the owners surrendered possession of the sixty-foot sections on September 26, 1982, and (3) the owners had not yet surrendered possession of the 120-foot parcels and their fixtures. We agree that the owners were not entitled to interest on the 120-foot parcels or their fixtures. *Id.* Moreover, we hold that defendants were not entitled to interest from the date the complaint was filed until September 26, 1982, the date the owners surrendered possession of the sixty-foot sections. *Id.* Nonetheless, we note that to finally dispose of this matter the trial court should determine the interest to which the owners of C-1111 and C-1112 are entitled from the time they surrendered possession of and received payments for the sixty-foot sections until the time they received payment of the final verdict apportionable to the sixty-foot sections. The trial court apparently reserved its decision on this matter in its original orders concerning interest on these parcels.

Finally, we note that defendants' attorney is entitled to receive no more than one-third of the interest received by defendants, provided his fee remains reasonable. *Dep't of Transportation, supra,* pp 215-216. Hence, on remand, defendants' attorney's fees must be adjusted to reflect our decision concerning defendants' entitlement to interest.

Affirmed in part, reversed in part, and remanded for entry of amended judgments consistent with this opinion.