133 Mich. App. 207 (1984)
349 N.W.2d 261
In re CONDEMNATION OF LANDS
MICHIGAN DEPARTMENT OF TRANSPORTATION
v.
DENNIS
Docket No. 69458.
Michigan Court of Appeals.
Decided March 22, 1984.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, Patrick F. Isom and Ronald F. Rose, Assistants Attorney General, and Robert D. Randall, Special Assistant Attorney General, for plaintiff.
Harvey A. Koselka, for defendant.
Before: M.J. KELLY, P.J., and CYNAR and J.C. KINGSLEY,[*] JJ.
PER CURIAM.
This appeal arises out of the condemnation of private property, owned by defendant, pursuant to the Uniform Condemnation Procedures Act, MCL 213.51 et seq.; MSA 8.265(1) et seq. Plaintiff appeals as of right an award of attorney fees in the amount of $10,283.45 to defendant's attorney.
Plaintiff desired to acquire defendant's land for the purpose of widening a highway, and defendant rejected plaintiff's written offer of $29,200. Plaintiff subsequently brought suit in circuit court for the acquisition of the property, and a jury trial was held. On November 23, 1982, a verdict was returned awarding defendant $54,000 as just compensation. The trial court ordered payment of $6,050.35 to defendant's appraiser for services as an expert witness, pursuant to MCL 213.66(1); MSA 8.265(16)(1).
This dispute arose during a hearing to determine the proper amount of the owner's attorney fees pursuant to § 16 of the Uniform Condemnation Procedures Act, MCL 213.66(3); MSA 8.265(16)(3). This section provides:
*210 "If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of 1/3 of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court."
The parties disagreed as to the possible maximum fee award under this section; the dispute focused upon the meaning of the phrase "ultimate award". Plaintiff argued that these words referred to the amount of just compensation, i.e., the jury verdict of $54,000. Defendant maintained that the term should also include interest and expert witness fees. The trial court apparently considered the ultimate award to consist of the $54,000 plus the $6,050.35 witness fee for defendant's appraiser.[1] The maximum possible attorney fee using these figures was $10,283.45;[2] the trial judge opined that this figure was reasonable[3] and entered an order for fees in that amount.
In our endeavor to find the appropriate meaning of the phrase "ultimate award", we begin with the basic rules of statutory construction. The primary object of judicial interpretation of statutes is to *211 ascertain and give effect to the intent of the Legislature. Franks v White Pine Copper Division, Copper Range Co, 122 Mich App 177, 183; 332 NW2d 447 (1982). The language of the statute is the best source for ascertaining this intent. Espinoza v Bowerman-Halifax Funeral Home, 121 Mich App 432, 436; 328 NW2d 657 (1982). Statutes must be construed according to the common and approved usage of the language. A resort to dictionary definitions is an appropriate method of achieving this result. Fenton Area Public Schools v Sorenson-Gross Construction Co. 124 Mich App 631, 639; 335 NW2d 221 (1983).
Webster's New World Dictionary of the American Language (1976), Second College Edition defines "ultimate" as follows:
"1. beyond which it is impossible to go; farthest; most remote or distant 2. by which a process or series come to an end; final; conclusive 3. beyond which further analysis, division, etc. cannot be made; elemental; fundamental; primary 4. greatest or highest possible; maximum; utmost  n something ultimate; final point or result, fundamental principle, etc."
Black's Law Dictionary (4th ed, 1951) defines the word "ultimate" as follows:
"At last, finally, or at the end; the last in the train of progression or sequence tended toward by all that precedes; arrived at as the last result; final."
By using the adjective "ultimate", we perceive that the Legislature intended to base the maximum permissible attorney fee on the final, total recovery. This is surely not the same thing as just compensation. We compare the reference to "ultimate *212 award" to a prior unmodified reference to the term "award" in § 13 of the act:
"The jury or the court shall award in its verdict just compensation for each parcel. After awarding the verdict, on request of any party, the court shall divide the award among the respective parties in interest, whether the interest is that of mortgagee, lessee, lienor, or otherwise, in accordance with proper evidence submitted by the parties in interest." MCL 213.63; MSA 8.265(13).
The "jury verdict" must amount to just compensation, and "just compensation" is equated with "award" in the above statutory section. Had the Legislature intended just compensation to be the sole factor in the attorney fee equation, it could have used any of the above terms (jury verdict, award, or just compensation) to say so. Furthermore, because the term "award" is used to signify just compensation, to hold that the phrase "ultimate award" means the same thing would be to treat the adjective "ultimate" as surplusage.
The question of what should be included in the ultimate award is one for which logic is our most effective guide. Because the owner's attorney fees are at issue, the term should not include monies not immediately generated by the attorney's performance. Additionally, because the term "award" is used, any benefit included in the phrase "ultimate award" should be tied to the instant litigation, and should inure directly to the owner.
For these reasons we hold that statutory witness fees may not be included in the term "ultimate award". The following provisions of the act govern witness fees:
"(1) A witness, either ordinary or expert, in a proceeding *213 under this act shall receive from the agency the reasonable fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including the reasonable expenses for preparation and trial.

* * *
"(4) Expert witness fees provided for in subsection (1) shall be allowed with respect to an expert whose services were reasonably necessary to allow the owner to prepare for trial. The agency's liability for expert witness fees shall not be diminished or affected by the failure of the owner to call an expert as a witness if the failure is caused by settlement or other disposition of the case or issue with which the expert is concerned." MCL 213.66; MSA 8.265(16).
By these terms witness fees are paid directly by the agency to the witness and without regard to whether the owner was successful at trial. This being the case, the witness fee is not a benefit conferred directly upon the owner by his attorney's efforts. The trial court was therefore in error in including the $6,050.35 witness fee award as part of the ultimate award in determining the maximum allowable attorney fees.
Defendant maintains that, even if the witness fee is not properly included in the ultimate award for purposes of MCL 213.66(3); MSA 8.265(16)(3), judgment interest should be. If judgment interest is added to the $54,000 jury verdict, defendant suggests, the maximum allowable attorney fee would exceed the fee awarded in this case, even if the witness fee is excluded.[4] We agree that interest *214 in or upon the amount of judgment should be included in the ultimate award, as such was the product of the attorney's efforts. See GCR 1963, 928.3; 7A CJS Attorney and Client, § 322, p 622. However, we may not affirm the attorney fee award on this ground, as the record before us is inadequate to confirm the fact and amount of these interest payments. Copies of government checks, attached to defendant's brief on appeal, are not sufficient for this purpose. We therefore remand for a hearing at which the proper maximum allowable attorney award is to be calculated, consistent with this opinion.
Reversed and remanded. No costs.
NOTES
[*] Circuit judge sitting on the Court of Appeals by assignment.
[1] This formula was suggested in defendant's written motion for attorney's fees. The motion was ambiguous as to the role interest on judgment should play in the calculation, and the court disregarded such interest as a factor.
[2] Arrived at as follows:

 $54,000.00 jury verdict (just compensation)
 + 6,050.35 witness fee
 __________
 60,050.35 subtotal ("ultimate award")
 - 29,200.00 agency's written offer
 __________
 30,850.35 subtotal
 ÷ 3
 ___________
 10,283.45 maximum attorney fee award

[3] The reasonableness of the fee is not an issue on appeal.
[4] Defendant's calculations are as follows:

 $54,000.00 jury verdict
 2,674.32 interest
 4,603.97 supplemental interest
 + 75.85 tax proration reimbursement
 ___________
 61,354.14 ultimate award (without witness fee)
 - 29,200.00 agency's written offer
 ___________
 32,154.14 subtotal
 ÷ 3
 ___________
 10,718.05 maximum attorney fee

We refuse to consider the $75.85 tax proration reimbursement payment to be part of the ultimate award. The refund was only indirectly a product of this litigation and was certainly not a product of the effort of the owner's attorney. See MCL 211.2; MSA 7.2. Even so, deletion of this amount from the ultimate award would not reduce the resultant attorney fee below that was actually received.