DEPARTMENT OF TRANSPORTATION v RANDOLPH

Docket No. 111606. Argued November 9, 1999 (Calendar No. 9). Decided April 25, 2000. Rehearing denied 462 Mich 1208.

The Department of Transportation brought a condemnation action in the Clinton Circuit Court against Larry Randolph and others after rejection by the defendants of the department's written good-faith offer of just compensation for their real property. The court, Jeffrey L. Martlew, J., entered judgment on a jury· verdict for the defendants greater than the department's initial offer. The defendants then sought attorney fees under the Uniform Condemnation Procedures Act, supporting their request with a one-third contingent fee agreement. The court awarded attorney fees and costs in an amount roughly one-third the amount requested, finding the contingent fee arrangement unreasonable. Instead, it calculated the attorney fees by multiplying the reasonable hours worked by a reasonable hourly rate. The Court of Appeals, MICHAEL J. KELLY, P.J., and REILLY, J. (JANSEN, J., dissenting), affirmed. 228 Mich App 91 (1998) (Docket No. 191228). The defendants appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices CAVANAGH, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

The trial court did not utilize the correct legal framework when considering defendants' request for reimbursement of their attorney fees.

1. The statutory language is clear and unambiguous and therefore must be applied as written. Subsection 16(3) mandates reimbursement in whole or in part of the owner's reasonable attorney fees. It gives the trial court discretion to determine the reasonableness of the owner's attorney fees. Giving effect to all of subsection 16(3), the trial court initially must determine whether the owner's attorney fees are reasonable.

2. In making the determination, the trial court should consider the eight factors listed in MRPC 1.5(a). If it determines that the owner's attorney fees are unreasonable, it should utilize its discretion to determine what amount of the requested attorney fees should be reimbursed by the agency. If it finds the attorney fees to

be reasonable, subsection 16(3) gives the trial court additional discretion to order reimbursement of the fees in whole or in part.

3. Once the trial court has determined the owner's attorney fees to be reasonable utilizing the factors in MRPC 1.5(a), it should consider, for fee-shifting purposes and in its discretion, whether the condemning agency should be required to reimburse the entire amount of the fees, subject to MCL 213.66(3); MSA 8.265(16)(3). It then must articulate the reasons for its decision in order to facilitate appellate review. The key in each case is that the trial court provide a reasoned basis for its decision.

4. In the instant case, although the trial court found the defendant's requested fees to be unreasonable, it did not properly begin its analysis by considering whether the attorney fee actually charged to the defendants was reasonable under MRPC 1.5(a). Instead, it focused on determining what it believed to be an appropriate fee award under the circumstances, without respect to the attorney fee actually charged to the defendants. Because the trial court utilized the wrong legal framework in considering defendants' request for reimbursement of its attorney fees under subsection 16(3), its order must be vacated and the case remanded to the trial court for further proceedings.

Justice KELLY concurred in the result only.

Vacated and remanded.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Patrick F. Isom*, Assistant Attorney General, for the plaintiff-appellee.

*Glassen, Rhead, McLean, Campbell & Schumacher* (by *Kevin V. B. Schumacher*) for the defendants-appellants.

Amicus Curiae:

*Noah Eliezer Yanich* for Scott-Shuptrine Furniture, Inc.

PER CURIAM. This is a condemnation case in which defendants obtained judgment on a jury verdict significantly in excess of the good-faith offer of just compensation made by plaintiff Michigan Department of Transportation. Defendants sought reimbursement of

their attorney fees under MCL 213.66(3); MSA 8.265(16)(3). Although defendants and their counsel had a contingent fee agreement providing for payment of one-third of the amount by which the judgment exceeded the department's offer, the trial court ordered reimbursement to be made on the basis of the actual hours expended by counsel multiplied by counsel's hourly rate. The Court of Appeals affirmed,[1] and we granted defendants' application for leave to appeal. 459 Mich 1001 (1999).

We conclude that the trial court did not utilize the correct legal framework when considering defendants' request for reimbursement of their attorney fees. Accordingly, we remand this case to the trial court for further proceedings consistent with this opinion.

I

This is an action under the Uniform Condemnation Procedures Act.[2] Before filing the action, the MDOT made a written good-faith offer for the defendants' property under § 5 of the act[3] in the amount of $1,625,655. Defendants did not contest the necessity of the taking, but objected to the adequacy of the compensation offered. The MDOT filed this action and paid the amount of its earlier written offer in accordance with § 8 of the act. MCL 213.58; MSA 8.265(8).

There was a lengthy jury trial, resulting in a verdict awarding just compensation in the amount of $2,593,931. With interest added, the result was a judgment entered in the amount of $2,724,615—$1,098,960

---

[1] 228 Mich App 91; 576 NW2d 719 (1998).

[2] MCL 213.51 et seq.; MSA 8.265(1) et seq.

[3] MCL 213.55; MSA 8.265(5).

greater than the initial offer of just compensation by the MDOT.

Defendants filed a request for attorney fees and costs as permitted by § 16 of the act.[4] The request was supported by an affidavit from defendants' counsel itemizing her legal services, and a copy of the contract between counsel and the defendants, which provided for a contingent fee of one-third of the increase over the initial offer by the MDOT. Defendants sought a total of $366,319.90, with the attorney fee component being based on the one-third provision of the contingent fee agreement.

The trial court ordered reimbursement of attorney fees and costs, but in the amount of $120,153, roughly one-third of the amount requested. The court said that the amount requested on the basis of the contingency fee arrangement would be unreasonable. Instead, it used what is often called the "lodestar"[5] method—setting the fee by multiplying the reasonable number of hours worked by a reasonable hourly rate. The MDOT had not disputed the reasonableness of the 728.2 hours claimed to have been expended by defendants' counsel, nor the reasonableness of the $165 an hour rate that she indicated she would have charged had she been retained on an hourly basis.

The circuit court began by noting the relevant language of the statute. As applicable at the time of these proceedings, subsection 16(3) of the act in-

---

[4] MCL 213.66; MSA 8.265(16).

[5] See, e.g., *Howard v Canteen Corp*, 192 Mich App 427, 439; 481 NW2d 718 (1991), overruled in part on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999).

cluded the following:[6]

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the good faith written offer under section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney fees shall be determined by the court.

Citing *In re Condemnation of Property (Dep't of Transportation v D & T Construction Co)*, 209 Mich App 336; 530 NW2d 183 (1995), the court said that it was required to consider the eight factors listed in MRPC 1.5(a) in determining the reasonableness of fees under the statute.[7] The court adopted the MDOT's

---

[6] Section 16 was amended by 1996 PA 474, effective December 26, 1996. An additional sentence was added to subsection (3) covering the treatment of attorney fees awarded as sanctions under MCR 2.403 or 2.405. In addition, two other subsections were added dealing with the authority to pay reasonable attorney fees and witnesses' fees in connection with a settlement, and providing that the agency has no obligation to reimburse attorney fees or expert witness fees that are attributable to unsuccessful challenges to necessity or the validity of the proceedings. See MCL 213.66(4), (6); MSA 8.265(16)(4), (6).

[7] That rule provides:

Rule 1.5 Fees

(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

analysis of the eight factors as its own and appended them to its opinion.

It cited *Howard v Canteen Corp*, 192 Mich App 427; 481 NW2d 718 (1991), overruled in part on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999), and *Rode v Dellarciprete*, 892 F2d 1177 (CA 3, 1990), as persuasive authority that reasonable hours multiplied by a reasonable hourly rate is the preferred method of calculating attorney fees under fee-shifting statutes. The court also listed other principles and facts that it considered in determining reasonable attorney fees.[8]

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[8] The trial court explained:

In an effort to determine reasonable attorney fees, the Court has also considered that:

a) Defendants have the burden of establishing the reasonableness of their attorney fees.

b) An attorney is required to be their client's advocate and not necessarily abandon a claim simply because it is novel; note MCR 2.114(D)(2).

c) Ms. Bergamini obtained a verdict nearly one million dollars higher than the Plaintiff's good faith offer, and $1,500,000 higher than the value established by Plaintiff's expert at trial; note MRPC 1.5(a)(4).

d) This is a contingent fee case which is common in condemnation defense work; note MRPC 1.5(a)(8).

e) The goal in land condemnation cases is to make the property owners whole.

The court said that awarding one-third of the difference between the judgment and the offer on the basis of the contingent fee agreement was unreasonable. Rather, $165 an hour for 728.2 hours was more closely connected to the extent of the services actually performed, and compensated counsel at the top of mid-Michigan attorney fee ranges. The court determined that the award gave defendants the benefit of the doubt regarding the reasonableness of professional time spent, but did not reward defendants for unreasonable expectations.

The court concluded:

> The Court recognizes that this ruling will leave Defendants solely responsible for the majority of their attorney fees. Such is the nature of a contingent fee agreement. Defendants retained Ms. Bergamini, full of hope that she would obtain an excellent verdict for them, which she did. They are clearly better off than they would have been had they accepted Plaintiff's initial offer. Defendants may argue that they have not been "made whole" by this decision, but they must recognize that the UCPA provides for an award of "reasonable" attorney fees, not "actual" attorney fees.

II

The Court of Appeals majority found no abuse of discretion in the trial court's fee award. It said that sometimes the purposes of the attorney fee provision of the statute are best served by giving an award that

---

f) Defense counsel's added work/stress caused by difficult clients is not a reasonable expense that should be passed on to Plaintiff. Nor is it reasonable to impose upon Plaintiffs the cost or fees incurred by Defendants in pursuing meritless claims.

g) Most of the unique features of this case were tied to the Defendants' personalities and expectations, rather than their land or their business enterprises.

is based on a contingency fee agreement. However, the Court explained that the existence of such a contract does not mandate the award of the fee on that basis. Consideration of the eight factors in MRPC 1.5 preclude reliance on such a single formula or method. The Court could find no basis for disturbing the trial court's determination that basing the award on the contingent fee agreement would have resulted in an unreasonably large fee relative to the work performed.[9]

III

On appeal, defendants contend that the Court of Appeals and the trial court did not give adequate weight to the purposes of the statutory provision allowing an award of attorney fees. They point to earlier Court of Appeals decisions that have identified three such purposes. See, e.g., *In re Condemnation of Private Property for Hwy Purposes (Dep't of Transportation v Curis)*, 221 Mich App 136, 142-143; 561 NW2d 459 (1997):

> [T]his Court has identified three purposes of the attorney fee provision of the UCPA. First, awarding attorney fees will assure that the property owner receives the full amount of the award, placing the owner in as good a position as that occupied before the taking. *Dep't of Transportation v Robinson*, 193 Mich App 638, 645; 484 NW2d 777 (1992).

---

[9] The Court of Appeals dissent thought that the requested fee was reasonable in light of the facts. The dissent argued that an award based on a contingency fee is in accord with subsection 16(3), and nothing in the statutes or case law make such a fee unreasonable. The dissent believed that the trial court's award failed to recognize one of the major policy concerns behind the attorney fee provision of the UCPA—that the property owners would not receive the full amount of the jury's award because they would be responsible for the majority of the attorney fees.

> Second, the fee structure penalizes agents of a condemnor for deliberately low offers because a low offer may result in the condemnor paying the owner's litigation expenses as well as its own. *Flint v Patel*, 198 Mich App 153, 157; 497 NW2d 542 (1993); *Robinson, supra*, p 645. Third, the fee provision provides a performance incentive to the owner's attorney, because the fee awarded is directly proportional to the results achieved by counsel. *Id.*

See also *Bay City v Surath*, 170 Mich App 139; 428 NW2d 9 (1988); *Dep't of Transportation v DiMatteo*, 136 Mich App 15, 18; 355 NW2d 622 (1984); *Detroit v J Cusmano & Sons, Inc*, 184 Mich App 507; 459 NW2d 3 (1989).

We find no need to consider the Legislature's supposed rationale in enacting subsection 16(3) because, as explained below, the statutory language is clear and unambiguous and therefore must be applied as written. *Northern Concrete Pipe, Inc v Sinacola Companies—Midwest, Inc*, 461 Mich 316, 320; 603 NW2d 257 (1999).

IV

Subsection 16(3) mandates reimbursement "in whole or in part" of the "owner's reasonable attorney fees." The statute gives the trial court discretion to determine "[t]he reasonableness of the owner's attorney fees." Giving effect to all of subsection 16(3), there are *two* discretionary decisions that the trial court must make in ordering reimbursement of attorney fees under subsection 16(3).

Initially, the court must determine whether the "owner's" attorney fees are "reasonable." In this respect, subsection 16(3) differs from other fee-shifting statutes that simply authorize the trial court to award

"reasonable attorney fees" without regard to the fees actually charged. For example, under the Michigan Civil Rights Act, MCL 37.2802; MSA 3.548(802), the trial court is not required to make a finding regarding the reasonableness of the attorney fees being charged to the plaintiff; instead, the court is free to award *any* fee as long as it is reasonable.[10] However, under subsection 16(3), the focus of the reasonableness determination clearly is on the *owner's* attorney fees. Indeed, subsection 16(3) specifically requires "reimbursement" of those fees.

In making this reasonableness determination, the trial court should consider the eight factors listed in MRPC 1.5(a).[11] If the trial court determines that the owner's attorney fees are *unreasonable*, it should utilize its discretion to determine what amount of the owner's requested attorney fees should be reimbursed by the agency.[12]

---

[10] Thus far, trial courts and, in turn, the Court of Appeals, have applied subsection 16(3) in a similar manner. Rather than beginning with the question whether the attorney fees that the owner has agreed to pay are reasonable for purposes of MRPC 1.5(a), trial courts have instead focused upon determining what amount of attorney fees should ultimately be awarded to the owner. See, e.g., *Curis, supra.*

[11] The weight to be given the factors requires exercise of discretion by the trial court. The existence of a contingent fee contract may, of course, be considered. Indeed, it is specifically listed in MRPC 1.5(a) as being one of the factors to consider. However, we reject defendants' argument that a one-third contingency fee is presumptively reasonable. We likewise reject the MDOT's argument that the "lodestar" method is the "preferred" way of determining the reasonableness of requested attorney fees.

[12] We note that a trial court's determination under subsection 16(3) that the owner's attorney fees are unreasonable does not necessarily mean that the owner's fees are "clearly excessive" in violation of MRPC 1.5(a). This is because the ethics rule provides that a fee is "clearly excessive" only when "a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.".

In those cases in which the trial court finds the owner's attorney fees to be *reasonable*, subsection 16(3) gives the trial court *additional* discretion to order reimbursement of those fees "in whole or in part."[13] Once the trial court has determined the owner's attorney fees to be reasonable utilizing the factors in MRPC 1.5(a), the trial court should consider, for fee-shifting purposes and in its discretion, whether the condemning agency should be required to reimburse the entire amount of the owner's reasonable attorney fees.[14] The court must articulate the reasons for its decision in order to facilitate appellate review.[15] Finally, any order of reimbursement is, of course, subject to the statutory maximum: one-third of the amount by which the ultimate award exceeds the agency's written offer. MCL 213.66(3); MSA 8.265(16)(3).

We recognize that, under the plain language of subsection 16(3), trial courts can and will reach different decisions concerning reimbursement of attorney fees. However, that is the nature of discretionary decisions.

[13] This is in contrast to MCL 213.66(2); MSA 8.265(16)(2), which applies to challenges to the necessity of a taking and which directs reimbursement of the owner for "actual reasonable attorney fees and other expenses."

[14] Subsection 16(3) clearly contemplates a situation in which the trial court determines that the owner's attorney fees are reasonable and that the owner must therefore pay them, but that under the circumstances of a particular case it may not be equitable to require the agency to reimburse the entire amount of the owner's fees.

[15] In determining whether to reimburse the owner's attorney fees "in whole or in part," the trial court may take into account any number of relevant equitable considerations, including, but not limited to the amount of disparity between the agency's initial good-faith offer and the jury's determination of just compensation, the strength of the evidence supporting the jury's award, the effort the case required of counsel, or whether either party acted to unnecessarily prolong the litigation or make it more difficult.

The key in each case is that the trial court provide a reasoned basis for its decision. As we explained in *Alken-Ziegler v Waterbury Headers Corp*, 461 Mich 219, 227-228; 600 NW2d 638 (1999):

> An abuse of discretion involves far more than a difference in judicial opinion. *Williams v Hofley Mfg Co*, 430 Mich 603, 619; 424 NW2d 278 (1988). It has been said that such abuse occurs only when the result is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Marrs v Bd of Medicine*, 422 Mich 688, 694; 374 NW2d 321 (1985), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959), and noting that, although the *Spalding* standard has been often discussed and frequently paraphrased, it has remained essentially intact.

V

In the instant case, although the trial court found defendant's requested fees to be "unreasonable," the court did not properly begin its analysis by considering whether the attorney fee actually charged to defendants was reasonable under MRPC 1.5(a). Instead, it is apparent that the court was focused on determining what it believed to be an appropriate fee award under the circumstances without respect to the attorney fee actually charged to defendants. Again, a trial court has discretion to make such an independent determination, but only after the court has determined either (1) that the owner's attorney fees are unreasonable, or (2) that only "part" of the owner's otherwise reasonable attorney fees should be reim-

bursed by the agency. MCL 213.66(3); MSA 8.265(16)(3).

Because the trial court utilized the wrong legal framework in considering defendants' request for reimbursement of its attorney fees under subsection 16(3), we vacate the trial court's order and remand this case to the trial court for reconsideration of its decision in light of this opinion.[16]

WEAVER, C.J., and CAVANAGH, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J., concurred in the result only.

---

[16] Nothing in this opinion should be read to preclude the trial court from reaching the same decision on remand.