*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KAPAHUA/HULST-NOWAK, Minors.

UNPUBLISHED
August 27, 2020

No. 351903
Newaygo Circuit Court
Family Division
LC No. 18-009132-NA

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children. We remand for further explanation of the trial court's decision.

The trial court obtained jurisdiction over the minor children, SK and FH, and removed them from mother's care shortly after FH's birth. In the petition, it was alleged that mother tested positive for illegal substances while in the hospital giving birth, FH tested positive for illegal substances at birth, mother had unsafe housing, and mother lacked stable employment; Mother pleaded no contest to the allegations in the petition. Throughout the pendency of this case, mother continued to struggle to overcome her addiction to methamphetamines. As a result, the Department of Health and Human Services (DHHS) eventually sought termination of mother's parental rights. After an October 17, 2019, termination hearing, the trial court held that the DHHS had established statutory grounds for termination of parental rights under MCL 712A.19b(3)(c)(*i*). The trial court also found that termination was in the children's best interests.

On appeal, mother argues that the DHHS did not establish the statutory criterion for termination of parental rights under MCL 712A.19b(3)(c)(*i*) by clear and convincing evidence. She further argues that termination of her parental rights was not in the best interests of the minor children.

> The clear-error standard controls our review of both the court's decision that clear and convincing evidence supported a ground for termination and that termination served the children's best interests. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). Clear error exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite

and firm conviction that the lower court made a mistake. *In re Conley*, 216 Mich App 41, 42; 549 NW2d 353 (1996). In reviewing the circuit court's decision, we also must give "due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). [*In re Dearmon*, 303 Mich App 684, 699-700; 847 NW2d 514 (2014).]

The trial court must find that at least one of the statutory grounds for termination was proven by clear and convincing evidence in order to terminate parental rights. *In re Gonzalez/Martinez*, 310 Mich App 426, 431; 871 NW2d 868 (2015).

Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is proper when, after a period of 182 or more days has elapsed, the trial court finds by clear and convincing evidence that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This statutory subsection requires more than "the mere possibility of a radical change" in the parent's life, and instead considers whether, under the totality of the circumstances, there was "any meaningful change" in the ability of the parent to overcome the circumstances that originally caused adjudication. *In re Williams*, 286 Mich App at 272-273.

In this case, the trial court provided mother considerably more time than the 182-day statutory period to rectify the conditions that originally led to adjudication. However, we conclude that the trial court's findings of fact and conclusions of law were insufficient to allow for proper appellate review.

During earlier stages of this case, the trial court admonished mother that she needed to show progress at rectifying the barriers to reunification. Mother did most of what the trial court appeared to require of her and, in fact, the trial court determined that mother had generally satisfactorily corrected all other barriers to reunification, except for her methamphetamine use. The entirety of the trial court's rationale supporting termination was that "mother tested positive for methamphetamine as late as July 2019, indicating use of that drug 10 months after the matter was initiated and in light of her current pending pregnancy." As it stands, the trial court's reasoning failed to meaningfully engage with the statutory grounds cited, as it did not acknowledge mother's *present* circumstances at the time of the termination hearing or evaluate the "reasonable likelihood" that she might actually have successfully rectified the remaining barrier of substance abuse in a reasonable amount of time given the ages of the children. This is particularly so where there was evidence presented that mother successfully refrained from methamphetamine use for the 75 days preceding the termination hearing.

MCR 3.977(I)(1) provides, in relevant part, "[t]he court shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(3) further provides, "[a]n order terminating parental rights under the Juvenile Code may not be entered unless the court makes findings of fact, states its conclusions of law, and includes the statutory basis for the order." A trial court must provide more than a cursory and conclusory analysis when terminating a fundamental right and the trial court's failure to provide additional reasoning for its decision hinders appellate review. Cf. *Mich Dep't of Transp v Randolph*, 461 Mich 757, 768; 610 NW2d 893 (2000) ("[T]he trial court [must] provide a reasoned basis for its decision."). Because the trial

court gave only a cursory conclusion and explanation of its findings, appellate review would be facilitated by a remand for further explanation. Cf. *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176; 530 NW2d 772 (1995) ("Findings of fact . . . are sufficient if they are brief, definite, and pertinent . . . and where appellate review would not be facilitated by requiring further explanation.") (internal quotation marks omitted).

Remanded for further explanation of the trial court's decision. We retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Anica Letica

# Court of Appeals, State of Michigan

## ORDER

In re Kapahua/Hulst-Nowak Minors

Docket No.    351903

LC No.    2018-009132-NA

Douglas B. Shapiro
Presiding Judge

Deborah A. Servitto

Anica Letica
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court's findings of fact and conclusions of law were insufficient to allow for proper appellate review. On remand the trial court shall make specific and pertinent findings of fact and conclusions of law explaining its decision to terminate respondent's parental rights as required by MCR 3.977(I)(1) and (3).

The proceedings on remand are limited to this issue.

Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

Any transcript related to the proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Douglas B. Shapiro
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 27, 2020
Date

Chief Clerk