*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INDIANA MICHIGAN POWER COMPANY,

Plaintiff-Appellee,

v

COMMUNITY MILLS INC.,

Defendant-Appellant.

FOR PUBLICATION
August 20, 2020
9:15 a.m.

No. 349671
Cass Circuit Court
LC No. 18-000262-CH

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

SHAPIRO, P.J.

Defendant Community Mills, Inc. (Community Mills), appeals the trial court order awarding it $34,600.40 in attorney fees and expenses pursuant to the Uniform Condemnation Procedures Act (UCPA), MCL 213.51a *et seq*. Community Mills argues that the trial court improperly reduced its requested reimbursement award of MCL $71,409.14. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS & PROCEDURAL HISTORY

On June 11, 2018, plaintiff Indiana Michigan Power Company (IMPC) filed a complaint seeking to condemn certain real property owned by Community Mills for the purpose of rebuilding and upgrading an existing transmission line. On July 6, 2018, Community Mills filed a motion challenging the necessity of the condemnation. Community Mills also maintained that the trial court lacked subject-matter jurisdiction. In an accompanying answer and affirmative defenses, Community Mills asserted, *inter alia*, that IMPC did not properly invoke the trial court's jurisdiction because it failed to make a good-faith written offer to all owners of the property it sought to condemn as required by the UCPA.

On July 25, 2018, IMPC filed a motion for a preliminary injunction asking that the trial court enjoin Community Mills from acting pursuant to a notice of revocation of a preexisting license that permitted IMPC to install, maintain, and use powerlines over a portion of the property. IMPC also filed its response to the motion to review necessity and generally denied that it had failed to comply with legal requirements under the UCPA. IMPC requested that the trial court promptly rule on Community Mills's subject-matter jurisdiction challenge. On August 2, 2018,

-1-

Community Mills filed for summary disposition arguing that the trial court lacked subject-matter jurisdiction because IMPC's good-faith offer was not also submitted to GreenStone Farm Credit Services, ACA (GreenStone), the holder of a recorded mortgage on the property. Community Mills also contended that IMPC's failure to join GreenStone as a defendant rendered the proceedings legally deficient.

A motion hearing was scheduled for September 11, 2018, to address the three pending motions. However, IMPC recognized its mistake regarding GreenStone, and agreed to the entry of a stipulated order dismissing its complaint without prejudice. The parties further stipulated that Community Mills successfully challenged the legal sufficiency of the proceedings, but disputed whether Community Mills was entitled to attorney fees and expenses.

Community Mills subsequently filed a motion under MCL 213.66(2) seeking reimbursement of $71,409.14 for its attorney fees and expenses incurred in defending against IMPC's action. Community Mills also sought the fees and costs further incurred by having to prepare the motion and appear in court. The amount of requested fees was supported by an itemized statement of the hours billed for specific services. In response, IMPC admitted that the acquisition as originally commenced was improper because it did not join GreenStone as a party. Accordingly, it voluntarily dismissed the action and refiled.[1] Citing an unpublished decision from this Court, IMPC maintained that Community Mills could only recover actual and reasonable attorney fees and expenses incurred as a direct result of the jurisdictional defect. An evidentiary hearing was held in April 2019, where the trial court heard testimony from Community Mill's trial counsel and Jerome Pesick, who testified as an expert in legal representation in eminent domain cases. In a written opinion issued in May 2019, the trial court limited reimbursement of fees and expenses to those resulting from the procedural defect in the original complaint. Accordingly, the court reimbursed Community Mills only for the fees and expenses stemming from the issues of nonjoinder and subject-matter jurisdiction, which amounted to an award of $34,600.40.

II. ANALYSIS

Community Mills argues that the trial court erred by limiting the award of attorney fees and expenses to the issues of nonjoinder and subject-matter jurisdiction. We agree.

Generally, an attorney fee award in a condemnation action is reviewed for an abuse of discretion. *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 295; 730 NW2d 523 (2006). However, we review de novo issues arising from the interpretation and application of the UCPA. See *Washtenaw Bd of Co Rd Comm'rs v Shankle*, 327 Mich App 407, 412; 934 NW2d 279 (2019). Our goal in interpreting a statute is to discern the Legislature's intent, the most reliable indicator of which is the statute's language. *In re Jajuga Estate*, 312 Mich App 706, 712; 881 NW2d 487 (2015).

---

[1] The second action was filed on November 19, 2018. On August 27, 2019, the trial court granted Community Mills summary disposition. IMPC's appeal of that decision is now pending before this Court in Docket No. 350626.

The purpose of the UCPA is to ensure just compensation for the taking of private property as required by Const 1963, art 10, § 2. *Board of Co Rd Comm'rs for Co of Washtenaw v Shankle*, 327 Mich App 407, 414; 934 NW2d 279 (2019). "Just compensation is defined as the amount of money which will put the person whose property has been taken in as good a position as the person would have been in had the taking not occurred." *In re Acquisition of Land for the Central Industrial Park Project*, 127 Mich App 255, 261; 338 NW2d 204 (1983). Under certain circumstances, the UCPA authorizes the property owner to recover attorney fees and costs incurred in a condemnation action. The UCPA attorney-fee provision at issue here, MCL 213.66(2), provides:

> If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, or the legal sufficiency of the proceedings, and the court finds the proposed acquisition improper, *the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition.* [MCL 213.66(2) (emphasis added).]

The rationale behind MCL 213.66(2) is that "property owners may not be forced to suffer because of an action that they did not initiate and that endangered, through condemnation proceedings, their right to private property." *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 675; 760 NW2d 565 (2008).

In *Escanaba & Lake Superior R Co v Keweenaw Land Ass'n, Ltd*, 156 Mich App 804, 812-813; 402 NW2d 505 (1986), we held that "a finding that the condemnation proceedings are procedurally defective is per se a finding that the proposed acquisition is improper," and triggers the right to reimbursement of fees and expenses under MCL 213.66(2). IMPC concedes that the first action was an improper acquisition,[2] but seeks to limit the reimbursement award to only those fees and expenses relating to the procedural defect. However, nothing in MCL 213.66(2)'s language limits the reimbursement of attorney fees and expenses so long as the costs were actually (and reasonably) incurred while defending the improper acquisition. The statute simply does not limit recovery of fees to the work that led to the specific grounds on which dismissal was granted.

In *Escanaba*, 156 Mich App at 810, the condemning authority likewise argued that—although its acquisition was procedurally defective and, therefore, improper—it should not be held responsible under MCL 213.66(2) for fees and expenses incurred by the property owners while defending the condemning authority's separate motion to disqualify the trial court judge assigned to the case. We disagreed, reasoning as follows:

> The legislative intent behind the [UCPA] is to place the owner of the property in as good a position as was occupied before the taking. While it is argued that on the motion to disqualify the opposing party was the judge and not the property owners, it is clear to us that if a new judge had been appointed, there would have been a much greater chance that he would overturn the orders granting summary judgment

---

[2] We are not bound by *Escanaba* because it was decided before November 1, 1990, see MCR 7.215(J)(1), but neither party argues that the case was wrongly decided.

to defendants. Therefore, defendants very properly opposed the motion to disqualify and incurred legal costs in so doing. Unless such legal expenses are reimbursable, the property owners are made to suffer for proceedings they did not initiate. This would be contrary to legislative intent. [*Id*. at 815.]

Thus, *Escanaba* confirms what the statutory language makes clear—MCL 213.66(2) does not limit the recovery of fees and expenses to those directly related to the defect that made the acquisition improper. In order to place the property owner in as good a position as before the attempted taking, *all* reasonable fees incurred in defending against the improper acquisition must be reimbursed.

IMPC argues, and the trial court agreed, that *In re Hahn Drainage Ditch*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 1996 (Docket No. 173316),[3] supports the proposition that Community Mills's reimbursement award should be restricted those fees directly relating to the jurisdictional or joinder defect. In *Hahn*, the trial court dismissed a condemnation acquisition as improper for nonjoinder and lack of subject-matter jurisdiction. *Hahn*, unpub op at 3. After the condemning agency refiled, the trial court held in abeyance the property owner's motion for reimbursement of attorney fees under MCL 213.66(2). *Id*. at 5. The trial court was concerned about reimbursing the property owner for work done in the first case that would be applicable to the second action. See *id*. at 4. The parties reached a settlement in the second action that included a provision for the property owner's attorney fees. *Id*. at 6. Given that the property owner was reimbursed for attorney fees in the second action, the trial court limited the attorney fee award in the first action to the issues of nonjoinder and subject-matter jurisdiction. *Id*. at 8-9. A panel of this Court affirmed, reasoning as follows:

The court's bifurcated approach to the two actions was reasonable, as was the court's determination that because the substantive matters were settled in the second suit, in which defendant received a separate attorney fee under the statute, limiting defendant's compensation in the first action to fees relating to the technical issues rendering plaintiff's first suit deficient would adequately make defendant whole. [*Id*.]

We agree with the *Hahn* panel that the trial court's approach was reasonable under the facts of that case. Because the property owner had obtained recovery of attorney fees in the second action, it was appropriate for the court to limit recovery of fees in the first action to legal services relating to the procedural defect. The trial court's ruling correctly prevented the property owner from obtaining a double recovery of attorney fees.

In this case, however, when the trial court decided the amount of reimbursement in the first action, the second action was still pending. Thus, it was unknown whether Community Mills would be reimbursed in the second action for attorney fees that were attributable to the first action. Indeed, it is also possible that following a dismissal the condemning entity will withdraw and decide not to pursue condemnation. In these instances, the "bifurcation" approach of limiting fees

---

[3] Unpublished opinions may be considered for their persuasive value, but they are not binding precedent. *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016).

and costs to those related to the procedural defect is inadequate because the property owner might not be subsequently reimbursed for the other incurred expenses. *Hahn* is unique in that reimbursement of attorney fees had been obtained in the second action at the time that the trial court awarded attorney fees for the first action. Excluding that scenario, the trial court must award all actual reasonable attorney fees incurred in successfully defending the first action to ensure that the property owner will be made whole. And if the property owner later obtains a favorable outcome in the second action such that there is an entitlement to fees under MCL 213.66(2) or (3), then the owner may not be reimbursed for duplicative fees and costs incurred in the second action.

Given that a double recovery of fees and costs is not permitted, we find IMPC's concerns about following MCL 213.66(2)'s unambiguous language to be unfounded.[4] Further, the recovery of attorney fees under MCL 213.66(2) is subject to the requirement that the fees be reasonable. In *Mich Dep't of Transp v Randolph*, 461 Mich 757, 765; 610 NW2d 893 (2000), the Supreme Court explained how trial courts are to determine an "owner's reasonable attorney fees" for purposes of MCL 213.66(3).[5] First, the trial court must decide whether the attorney fees actually charged to the property owner are reasonable. *Id*. at 765-766. In making that determination, "the trial court should consider the eight factors listed in MRPC 1.5(a)." *Id*. at 766. "If the trial court determines that the owner's attorney fees are unreasonable, it should utilize its discretion to determine what amount of the owner's requested attorney fees should be reimbursed by the agency."[6] *Id*. But "[t]he court must articulate the reasons for its decision in order to facilitate appellate review." *Id*. at 767.

We conclude that this framework is equally applicable to determining a property owner's "actual reasonable attorney fees" under MCL 213.66(2). Also, the trial court plainly has discretion to disallow fees that it determines to be unreasonable. Put differently, there may be some work done by the property owner's attorney that the trial court concludes was not reasonable to do. We reiterate, however, that the statute does not limit attorney fees to the work that proved successful.

---

[4] To be clear, if Community Mills ultimately prevails in the second action, it may not be reimbursed for fees and expenses awarded in the first action.

[5] MCL 213.66(3) provides in part:

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the good faith written offer under section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney fees shall be determined by the court.

[6] The *Randolph* Court went on to say that if the trial court determines that the property owner's attorney fees are reasonable, then the court has "*additional* discretion [under MCL 213.66(3)] to order reimbursement of those fees 'in whole or in part.' " *Randolph*, 461 Mich at 767 (emphasis in original), quoting MCL 213.66(3). No such discretion exists under MCL 213.66(2), however, and thus a trial court may not reduce a property's owners actual attorney fees if that amount is found to be reasonable.

Nor is recovery precluded for legal services that, in hindsight, were ultimately unnecessary if those services were reasonable at the time they were rendered.

## III. CONCLUSION

We remand this matter to the trial court so that it may determine in the first instance the full amount of fees and expenses incurred by Community Mills while defending against the improper acquisition, as well as the costs incurred while pursuing its lawful recovery of attorney fees and expenses under MCL 213.66(2). On remand, Community Mills may also pursue additional fees and costs incurred as a result of this appeal. See *Lansing v Edward Rose Realty, Inc*, 450 Mich 851; 538 NW2d 677 (1995). The trial court has discretion to determine whether the actual attorney fees incurred by Community Mills are reasonable.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Anica Letica